IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY R. WHITE,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of
Social Security,

        Defendant.

CV 04-3063-TC

OPINION AND ORDER

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff Larry White brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act. The court has jurisdiction under 42 USC § 405(g). The Commissioner's decision is affirmed and this case is dismissed.

# BACKGROUND

White satisfied the insured status requirements for a claim under Title II through December 31, 1995, and must establish that he was disabled on or before that date to prevail on his claim. 42 USC § 423(a)(1)(A). *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998)

At all relevant times, White was a younger individual as defined in the regulations, with at least a high school education. He worked as an industrial mechanic from 1980 until he stopped working in 1989. He then obtained a community college certificate of completion in graphic design in 1991.

White experienced a work injury in September 1989, resulting in a an acute lumbosacral strain. An MRI scan revealed mild to moderate degenerative changes in the lumbar spine. He alleges that he cannot return to work due to this condition, which continues to cause pain in the lower part of his back. It keeps him from standing, sitting or walking longer than approximately 20 minutes each. He cannot lift over 20 pounds and he cannot bend over or stoop without pain.

The ALJ found that, when his insured status expired on December 31, 1995, White's ability to work was impaired by a lumbosacral strain and mild degenerative disc disease. He found that these impairments left White with the residual functional capacity (RFC):

> to perform light unskilled work with the ability to lift and carry 20 pounds occasionally and 10 pounds frequently; with sitting options at intervals of 25 minutes without alternating his position for a total of 4 hours; and standing/walking options at alternating intervals of 25 minutes for a total of 4 hours without alternating his position within a given 8-hour workday; and, was restricted to work with limited stooping, bending, crouching, kneeling, crawling, and climbing.

Tr. 344.[1]

---

[1]Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer. (Docket # 5).

The ALJ found that these limitations prevented White from performing his past relevant work. He relied on the testimony of an impartial vocational expert (VE) to conclude that a significant number of jobs exist in the national economy that White remains capable of performing. He identified examples of such work drawn from the testimony of the VE, including cashier II, rental clerk for storage facility and small products assembler.

The ALJ issued a decision in 1999 that was remanded by the District Court with specific instructions. He issued the decision after remand in 2004. The 2004 decision after remand is now before this court.

## DISCUSSION

White contends the ALJ failed to comply with three remand instructions from the District Court requiring him to: (1) explain why he rejected the medical source statement of Peter Costa, MD; (2) clarify his position with regard to White's alleged inability to work two to three days a month and his alleged need to lie down during the workday; and (3) clarify what job opportunities White remained capable of performing.

It is appropriate under the regulations for the Commissioner to render a new, independent decision after a remand from federal court. *See* 20 CFR § 404.983-984. However, when the district court remands a case with instructions, the Commissioner may not disregard the court's order. Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error. *See Sullivan v. Hudson*, 490 US 877, 886 (1989).

### I. Dr. Costa's Statement

The district court "remanded to the ALJ for further explanation as to why Dr. Costa's statement was rejected." Tr. 371, 377. On May 17, 1995, Dr. Costa wrote to the state disability

determination agency that he believed "the severity of [White's] pain is consistent with objective findings of lumbar disc disease." Tr. 268.

In the 1999 decision, the ALJ discussed Dr. Costa's letter, but did not mention the quoted statement. In the 2004 decision after remand, the ALJ made it clear that he did not reject Dr. Costa's statement:

> the undersigned finds that the statement by Dr. Costa that the "severity of his pain is consistent with the objective findings of lumbar disc disease" is not inconsistent with the medical evidence as a whole and is afforded appropriate weight.

Tr. 342.

Obviously, because the ALJ accepted the statement, the ALJ was not required to articulate additional explanation for rejecting it. The ALJ adequately complied with the court's remand instruction.

The ALJ's acceptance of Dr. Costa's statement is consistent with his RFC assessment, in which he adopted all of the specific functional limitations Dr. Costa identified in his letter. Dr. Costa wrote that "function should be limited in bending, crouching, kneeling, crawling and climbing." Tr. 268. In his RFC assessment the ALJ found that White "was restricted to work with limited stooping, bending, crouching, kneeling, crawling and climbing." Tr. 344. Dr. Costa did not impose any other restriction on White's activities.

As reflected in Dr. Costa's letter, White reported throbbing and numbness in the buttocks, low back pain and a pinching sensation when bending, reaching, sneezing or coughing. He said his pain was worse when sitting, squatting or bending and better when lying down. Dr. Costa believed

that these reported pain symptoms were consistent with the objective findings and the ALJ agreed. These descriptions of his pain are entirely consistent with the ALJ's RFC assessment.

Nor is the acceptance of Dr. Costa's statement inconsistent with the ALJ's credibility determination. The ALJ was not required to accept all of White's allegations regarding his functional limitations simply because his description of his pain to Dr. Costa was credible. The District Court found no error in the ALJ's 1999 credibility determination. Tr. 367. In 2004, the ALJ found that White's credibility had not been enhanced by any evidence admitted thereafter. Tr. 343.

In summary, this court finds no error in the ALJ's evaluation of Dr. Costa's letter or compliance with the court's remand instruction.

## II. Clarification of RFC Assessment

The District Court instructed that "the ALJ should clarify his position in regard to plaintiff's inability to work two to three days a month and plaintiff's need to lie down during a work day." Tr. 374, 377-78.

During the 1999 hearing, the ALJ posed a series of hypothetical vocational questions. Based on subjective assertions by White, the ALJ asked the VE to assume a hypothetical worker who "would miss between two and three days of work per month." Tr. 83. The VE responded that most employers would tolerate no more than two absences per month. White's counsel then asked the VE whether employers "would allow an individual to lay down during the work day for say an hour at a time?" Tr. 84. The VE responded that employers normally do not provide for this.

The ALJ is not required to accept all of the hypothetical limitations he poses in eliciting testimony from the VE. In his 1999 decision, the ALJ did not explicitly reject White's subjective

assertions that he would miss more than two days per month and had to lie down during the workday. The ALJ did so implicitly by excluding those limitations from his RFC assessment.

In his 2004 decision after remand, the ALJ rejected the two assertions because they were not supported by objective medical evidence in the original record or by new evidence admitted after the 1999 decision. In doing so, the ALJ also relied on the District Court's finding that his earlier credibility determination was proper. This clarification satisfies the court's remand instruction.

### III. Clarification of Vocational Findings

The District Court instructed the ALJ to "clarify what job opportunities actually exist for plaintiff in the national economy in light of the residual functional capacity of the plaintiff as determined by the ALJ and consistent with the testimony of the vocational expert." Tr. 374, 377.

If a claimant is unable to perform past relevant work, the Commissioner must show that other work exists in the national economy that the claimant can do. *Andrews v. Shalala*, 53 F3d 1035, 1043 (9th Cir 1995). The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all the claimant's limitations. *Id.*

The ALJ elicited testimony from the VE with hypothetical questions reflecting the limitations in his RFC assessment. The VE testified that a person with White's RFC could perform the requirements of work as a cashier II, a rental clerk in a storage facility and a small products assembler. In calculating the number of jobs available in the national economy, the VE reduced the total number of jobs available in each occupation to account for the postural, lifting and walking restrictions in White's RFC. The VE calculated that a person with White's RFC could perform over 700,000 jobs as a cashier II, over 13,000 jobs as storage facility clerk and approximately 250,000 jobs as a small parts assembler. Tr. 444-45.

The ALJ properly relied on this testimony to conclude that White remains capable of performing other work in the national economy. Tr. 343. This satisfied the court's remand instruction.

White argues that the vocational evidence is faulty because it does not reflect that he will miss more than two days of work a month and needs to lie down during the workday. However, the ALJ was not required to incorporate limitations based on evidence that he properly discounted. *Batson v. Commissioner*, 359 F3d 1190, 1197-98 (9th Cir 2004). The ALJ's hypothetical question reflected reasonable conclusions that could be drawn from the record as a whole.

The additional limitations asserted by White may also be supportable by the evidence. However, the Commissioner's determination must be upheld if it is supported by substantial evidence, even if the evidence is susceptible to more than one rational interpretation. *Andrews v. Shalala,* 53F3d at 1039. Accordingly, White's contention that the Commissioner's determination was based on improper vocational testimony cannot be sustained.

## **ORDER**

Based on the foregoing, the ALJ's determination was based on proper legal standards and supported by substantial evidence. The Commissioner's final decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this ___ day of May, 2005.

Thomas M. Coffin
United States Magistrate Judge